DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Kevin Reynolds, appeals from an order of the Summit County Court of Common Pleas which denied his motion to suppress. We affirm.
 I. {¶ 2} On September 9, 2003, Detective Jason Kline of the Summit County Sheriff's Department received an anonymous tip regarding an impending drug transaction. Specifically, it was forewarned that a black male, driving a Cadillac and accompanied by a white female, would be selling cocaine from a particular local hotel, commonly known for illegal drug activity. Detective Kline parked in the hotel's parking lot and waited.
 {¶ 3} Detective Kline observed the arrival of a Cadillac containing a black male and a white female, who parked and entered a particular hotel room. The black male was later identified as Mr. Reynolds. His female accomplice was identified as Kim Hardy. A short time later, another car arrived, and the driver was later identified as Ronnie Mitchell. Mr. Reynolds emerged from the hotel room to greet Mitchell, Mr. Reynolds removed something from the trunk of the Cadillac, and the two men proceeded into the hotel room. Approximately one minute later, Mitchell reappeared and drove away. Detective Kline radioed a nearby deputy to stop the car and question Mitchell. The responding deputy found Mitchell's answers and actions suspicious, and requested that Mitchell accompany him back to the hotel. Mitchell agreed and also agreed to a search of his car, but no drugs were discovered.
 {¶ 4} Back at the hotel, Deputy Wes Dobbins had arrived to assist Detective Kline, and the two of them approached the door to the hotel room. Detective Kline knocked and spoke to Hardy through the door, and asked her to open the door so that he could question the occupants of the room. After a brief delay, Hardy opened the door and invited the officers to enter. Mr. Reynolds was present in the room. During this time, Deputy Sam Ferracane arrived at the scene. Detective Kline questioned Mr. Reynolds, who denied that there were any drugs in the room but gave his consent to the officers to allow their search.
 {¶ 5} Detective Kline discovered drugs, drug paraphernalia and cash. Prompted by further questions, Mr. Reynolds responded with conflicting or unsupported explanations, followed by an assertion that he did not know who owned the items or where they had come from. At that point, Detective Kline placed Mr. Reynolds under arrest, restrained him with handcuffs, and read him his Miranda warnings; whereupon, Mr. Reynolds promptly admitted that he had been selling drugs earlier in the day, but had not sold any to Mitchell. Detective Kline requested permission to search the Cadillac and Mr. Reynolds consented, providing the keys to Deputy Ferracane. When more cocaine was discovered in the car, Mitchell admitted that he had arrived to purchase cocaine but had aborted the deal after seeing the officers in the parking lot. Ms. Hardy refused to speak throughout.
 {¶ 6} Mr. Reynolds was charged with possession of cocaine per R.C. 2925.11(A), a second degree felony, and trafficking in cocaine per R.C. 2925.03(A)(2), a second degree felony. See R.C.2925.11(C)(4)(d); R.C. 2925.03(C)(4)(d). Mr. Reynolds filed a motion to suppress the evidence seized and the statements made at the hotel. The trial court conducted a hearing on this motion, during which Detective Kline, Deputy Dobbins and Deputy Ferracane testified for the State, and Mr. Reynolds, Hardy and Mitchell each testified for the defense.
 {¶ 7} In ruling on the motion, the trial court recognized the conflicting nature of the testimony and reconciled the events, as described above, in nine explicit factual findings. Based largely on its determination of witness credibility, the court concluded that the officers properly obtained Mr. Reynolds' consent before searching both the hotel room and the car, and that his incriminating statements were voluntarily made after he had been properly Mirandized. Therefore, the motion to suppress was denied. Mr. Reynolds subsequently pled no contest, whereupon the court convicted him and sentenced him accordingly.
 {¶ 8} Mr. Reynolds timely appealed, asserting a single assignment of error.
 II. Assignment of Error
"The trial court erred when it denied appellant reynolds' motion to suppress because the evidence obtained during the law enforcement's investigation was obtained as a result of an illegal and nonconsensual search of appellant reynolds' temporary residence."
 {¶ 9} In this assignment of error, Mr. Reynolds asserts that the trial court erred by failing to suppress the evidence collected from the search of his hotel room, search of his car, and custodial interrogation. We disagree.
 {¶ 10} A motion to suppress evidence under the Fourth Amendment involves mixed questions of law and fact. Ornelas v.United States (1996), 517 U.S. 690, 696-97, 134 L.Ed.2d 911;State v. Booth, 151 Ohio App.3d 635, 2003-Ohio-829, at ¶ 12. Therefore, this Court grants deference to the trial court's findings of fact, but conducts a de novo review of whether the trial court applied the appropriate legal standard to those facts. Id. Thus, we review "findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." (Internal quotations omitted.) State v. Jones (Mar. 13, 2002), 9th Dist. No. 20810, quoting Ornelas, 517 U.S. at 699. Because the trial court "is in the best position to resolve questions of fact and evaluate credibility of witnesses[, an] appellate court, therefore, is bound to accept a trial court's factual findings that are supported by competent, credible evidence." (Internal citations and quotations omitted.) Akron v. Bowen, 9th Dist. No. 21242, 2003-Ohio-830, at ¶ 5.
 {¶ 11} We recognize that a hotel room is a location in which a citizen has a valid expectation of privacy, ordinarily requiring a warrant to justify a police search. State v. Miller
(1991), 77 Ohio App.3d 305, 312, citing Payton v. New York
(1980), 445 U.S. 573, 586. However, even a warrantless search may be otherwise justified if the suspect voluntarily and intelligently consents to the search. State v. Cummings (Jan. 16, 2002), 9th Dist. No. 20609, citing Schneckloth v.Bustamonte (1973), 412 U.S. 218, 219, 36 L.Ed.2d 854.
"Whether consent was voluntarily given is a question of fact to be determined from the totality of the circumstances, and the government bears the burden of showing that consent was `freely and voluntarily' given by `clear and positive' evidence." Id., citing State v. Robinette (1997), 80 Ohio St. 3d 234, 243.
Thus, we look to the trial court's findings of fact, as supported by the record of the suppression hearing, to determine whether the trial court was able to identify clear and positive evidence that Mr. Reynolds did freely and voluntarily consent.
 {¶ 12} At the suppression hearing, the trial court heard logical, detailed testimony from three officers, which confirmed that Mr. Reynolds had consented prior to the searches and had received Miranda warnings prior to his statements. In response, the defense presented inconsistent, self-serving and unpersuasive testimony of the three criminal suspects. From this, the trial court relied on the officers' testimony and concluded that Mr. Reynolds voluntarily consented to the search and knowingly offered the incriminating statements. As these credibility determinations and findings of fact are supported by competent and credible evidence, we must defer to these findings. SeeState v. Guysinger (1993), 86 Ohio App.3d 592, 594; State v.Hopfer (1996), 112 Ohio App.3d 521, 548.
 {¶ 13} Mr. Reynolds' assignment of error is overruled.
 III. {¶ 14} Mr. Reynolds' sole assignment of error is overruled. The order of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Slaby, J., Concur.