JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, James Howard, appeals from his convictions based upon his pleas of no contest to charges of drug trafficking, drug possession, and possession of criminal tools. He asserts that the court erred by denying his motion to suppress evidence seized during a search of his vehicle. We find no error in the court's ruling and affirm its judgment.
 Procedural History {¶ 2} In a four count indictment filed March 2, 2005, appellant was charged with two counts of drug trafficking, one count of drug possession, and one count of possessing criminal tools. He filed a motion to suppress evidence on April 20, 2005, seeking to suppress all evidence seized by the police during the search of his person, car, and home. The court held a hearing on his motion on June 8, 2005. At the conclusion of the hearing, the court denied the motion, finding that appellant voluntarily consented to the search of his vehicle. Appellant then pleaded guilty to all four of the charges against him.
 {¶ 3} Three days later, on June 11, 2005, appellant filed a motion for leave to withdraw his guilty pleas and instead enter no contest pleas to each of the charges. The court granted this motion, accepted appellant's no contest pleas and found him guilty of each charge. The court then sentenced appellant to concurrent terms of two years' imprisonment on two of the charges and six months' imprisonment on the other two charges, to be followed by up to three years' post-release control, and a $7500 fine.
 {¶ 4} At the hearing on appellant's motion to suppress, the court heard the testimony of Brook Park Police Detective Michael Tornabene and Patrolman Adam Goldenberg, as well as the appellant himself. Detective Tornabene testified that a confidential informant told him that appellant sold crack cocaine. Tornabene learned that appellant drove a maroon Trailblazer and worked at Wellman Friction on West 130th Street in Brook Park. He also obtained a photograph of appellant through the Bureau of Motor Vehicles. Tornabene observed appellant come out of the Wellman Friction building while using a cellular telephone, get into his vehicle, move it a few parking spaces, then get out and return to the building. A few minutes later, Tornabene saw a female drive up, get out of her vehicle and enter appellant's, retrieve something, then return to her vehicle.
 {¶ 5} Tornabene then arranged for a confidential informant to purchase crack cocaine from appellant. The informant met appellant outside Wellman Friction. They got into appellant's vehicle, made an exchange, then exited the vehicle. The informant returned with crack cocaine. Tornabene immediately went into the business, arrested appellant, and read him his rights. He then asked appellant if he had any more narcotics on him. Appellant said he did have more in his left front pocket, and the police retrieved it. Tornabene then told appellant that the police had been watching his vehicle, and asked if there would be more drugs in there. Appellant replied, "maybe a little." Tornabene asked for permission to go into the vehicle, explaining that appellant did not have to give permission, but his cooperation would be "duly noted." Appellant told Tornabene he wanted to cooperate. Appellant told Tornabene that if there were any drugs there, they would be under the rear passenger floor mat. They looked under that floor mat and discovered more crack cocaine. Patrolman Goldenberg also testified that Tornabene told the appellant that he did not have to consent to the search of his vehicle, but that appellant did consent.
 {¶ 6} Appellant testified that Detective Tornabene did not ask for permission to search his vehicle. Rather, Tornabene told him that if he did not consent, the police would search it anyway. He denied that he ever consented to the search. He denied that any other police officer was nearby when Tornabene asked him to search the vehicle, but said there were seven or eight police officers in the parking lot at the time.
 Law and Analysis {¶ 7} Appellant's motion to suppress challenged the searches of his person, vehicle, and home. However, on appeal, appellant challenges only the search of his vehicle. Accordingly, we review only this issue.
 {¶ 8} The parties agree that the vehicle was searched without a warrant. The only issues are whether appellant consented to the search and whether that consent was voluntary. The question whether appellant consented to the search is a factual question, and we must accept the trial court's factual findings if they are supported by competent credible evidence. State v. McNamara
(1997), 124 Ohio App.3d 706, 710. Detective Tornabene testified that appellant admitted there might be some drugs in the vehicle, then agreed to allow the police to search it and told them where the drugs would be found. His testimony provides competent, credible evidence to support the court's determination that appellant consented to the search.
 {¶ 9} The determination whether the consent was voluntary is also a question of fact that must be assessed under the totality of the circumstances. Schneckloth v. Bustamonte (1973),412 U.S. 218, 227. Appellant was under arrest at the time his consent was requested, and had previously received his Miranda
warnings. See State v. Reynolds, Summit App. No. 22017,2004-Ohio-6272, ¶ 12. None of the witnesses' testimony disclosed any coercive circumstances surrounding the request for consent. According to appellant, only Detective Tornabene was present; other officers were not near enough to hear their conversation. Though Tornabene allegedly told appellant that the vehicle would be searched regardless of whether he consented, we agree with the trial court that this candid statement was not coercive under the circumstances, because there was ample probable cause to obtain a warrant to search the vehicle, and there is no evidence that Tornabene told appellant that there would be any adverse consequences if the police had to obtain a warrant. Cf. State v.Clelland (1992), 83 Ohio App.3d 474, 481. Competent credible evidence also supported the common pleas court's determination that appellant's consent to the search of his vehicle was voluntary.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, J. and Blackmon, J. concur.